IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NIKOLAY MARTYNOV and TATYANA MARTYNOV,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>　　　　Defendants. | 2:09-cv-03596-GEB-GGH<br><br>ORDER REMANDING CASE<br>TO STATE COURT |

　　　　Defendants removed this case from Placer County Superior Court in California on December 29, 2009, based on the following argument in their Notice of Removal: "This action . . . may be removed . . . in that Plaintiffs' state-law claims allege violations arising from the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, its corresponding Regulation Z, 12 C.F.R. Part 226, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and its corresponding Regulation X, 24 C.F.R. 3500, *et seq.* Interpretation of the federal right is thus necessary to resolve this case." (Notice of Removal ¶ 12.) Plaintiffs allege in their complaint thirteen causes of action against Defendants, all of which

1 concern a foreclosure proceeding involving Plaintiffs' residence.
2 Review of the complaint reveals that Defendants only assert
3 Plaintiffs' first and third causes of action are the bases for
4 removal.  However, since it is evident that there is no substantial
5 federal question in Plaintiffs' complaint, this case will be remanded
6 to Placer County Superior Court for lack of subject matter
7 jurisdiction.

## I. **LEGAL STANDARD**

"Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint.  Whether the complaint states a claim 'arising under' federal law must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party. [P]laintiff[s] [are] the 'master' of [their] complaint[.]" Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (citations and quotations omitted).  "Claims brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon construction of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims." Id.

"[A] case arises under . . . [federal law when] a right . . . created by [federal law is] an element, and an essential one, of the plaintiff's cause of action." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1044 (9th Cir. 2009) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).  Specifically, a state-law claim presents a federal question when it "necessarily raise[s] a stated federal issue, [which is] actually disputed and substantial . . . ." Grable & Sons Metal Prod., Inc. v. Darue Eng'g &

Mfg., 545 U.S. 308, 314 (2005). "'Arising under' federal jurisdiction only arises, then, when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs, 559 F.3d at 1045 (emphasis in original). In addition, "[w]hen a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996); see also Cortes v. Bank of Am., N.A., No. CV 09-7457 AHM (FFMx), 2009 WL 4048861, *2 (C.D. Cal. Nov. 20, 2009) (remanding case after finding that references to TILA violations in claim for violation of § 17200 do not present claims that "arise under" federal law); California v. H & R Block, Inc., No. C 06-2058 SC, 2006 WL 2669045, *4 (N.D. Cal. Sept. 18, 2006) (remanding case after finding that incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law).

## II.  ANALYSIS

Defendants' Notice of Removal reveals Defendants rely on Plaintiffs' first and third causes of action as the basis for removal, based on Defendants argument that these claims necessarily require interpretation of TILA and RESPA. Specifically, Defendants rely on paragraphs 9, 41, and 62. Paragraph 9 is under the heading, "Background and Parties." Plaintiffs allege in paragraph 9, "Defendants . . . are and were subject to and must comply with [TILA] and [RESPA]." (Compl. ¶ 9.) Paragraph 41 is under the heading, "First Cause of Action - Breach of Covenant of Good Faith and Fair Dealing." Plaintiffs allege in paragraph 41, "Defendants willfully

1  breached their implied covenant of good faith and fair dealing with
2  Plaintiffs when Defendants . . . [f]ailed to provide all the proper
3  disclosures . . . ." (Compl. ¶ 41.) Paragraph 62 is under the
4  heading, "Third Cause of Action - Violation of California's Unfair
5  Competition Law [("UCL")], Bus. & Prof. Code § 17200 *et. seq.*"
6  Plaintiffs allege in paragraph 62, "the conduct of Defendants . . .
7  threatens an incipient violation of various consumer protection
8  statutes, or which violate the policy and spirit of such laws,
9  including [several California statutes] and [TILA]." (Compl. ¶ 62.)
10 The remaining allegations in Plaintiffs' first and third "causes of
11 action" are couched in terms of California UCL and breach of the
12 implied covenant of good faith and fair dealing claims, and do not
13 mention RESPA or TILA. Further, Plaintiffs do not seek in their
14 prayer for relief rescission under TILA, statutory damages and
15 attorneys' fees under RESPA, or any other specific relief under either
16 statute. Construing Plaintiffs' first and third causes of action
17 under the well-pleaded complaint rule, "this court cannot say that
18 [Plaintiffs'] right to relief necessarily depends upon construction of
19 a substantial question of any federal law." Ultramar Am., 900 F.2d at
20 1414.
21         Additionally, a violation of TILA and RESPA is not a
22 "necessary element of the [state] claim[s]" since Plaintiffs also
23 allege "alternative and independent theories-[several] of which [are]
24 state-law theor[ies]" to attempt to prove the portion of their claims
25 that reference TILA and RESPA. Rains, 80 F.3d at 346. Thus, in light
26 of the alternative ways Plaintiffs have to attempt to prove their
27 first and third claims, "[t]here is no 'basic' or 'pivotal' federal
28 question that impinges on [their] right to relief." Lippitt, 340 F.3d

at 1046. Therefore, Plaintiffs' claims do not "arise under" federal law and this Court lacks subject matter jurisdiction over the action.

For the stated reasons, this case is remanded to the Placer County Superior Court in California.

Dated: April 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge